1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDREW A. CEJAS,

11            Petitioner,              No. CIV S-08-2494 MCE EFB P

12        vs.

13   JAMES A. YATES,

14            Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28

17   U.S.C. § 2254.  Currently pending before the court is respondent's motion to dismiss this action

18   on the grounds that the petition is second or successive.  *See* 28 U.S.C. § 2244(b).  Petitioner

19   opposes the motion.  As explained below, the petition is not second or successive, and

20   respondent's motion to dismiss must therefore be denied.

21        A petition is second or successive if it makes "claims contesting the same custody

22   imposed by the same judgment of a state court" that the petitioner previously challenged, and on

23   which the federal court issued a decision on the merits.  *Burton v. Stewart*, 549 U.S. 147 (2007*)*;

24   *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).  Before filing a second or successive

25   petition in a district court, a petitioner must obtain from the appellate court "an order authorizing

26   the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Without an order

1

1  from the appellate court, the district court is without jurisdiction to consider a second or

2  successive petition. *See Burton*, 549 U.S. 147.

3      "Generally, a new petition is 'second or successive' if it raises claims that were or could

4  have been adjudicated on their merits in an earlier petition." *Cooper v. Calderon*, 274 F.3d

5  1270, 1273 (9th Cir. 2001). Respondent contends that the instant petition is successive because

6  petitioner has filed a prior petition with this Court, which was denied in 2008 and is currently

7  pending on appeal before the Ninth Circuit. *Andrew A. Cejas v. Lou Blanas, et al.*, No. CIV S-

8  05-2274 GEB GGH P (hereinafter "*Cejas v. Blanas*") (filed November 9, 2005). In support of

9  that contention, respondent cites *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003).

10     *Vasquez* instructs, however, that "[n]ot all petitions filed under the habeas statute count

11  under AEDPA's successive petition rule." *Id.* Of relevance here, a subsequent petition attacking

12  a different judgment from an earlier petition is not second or successive. *Id.* "Rather, to be

13  considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second

14  attack by federal habeas on the same conviction." *Id.*

15     Petitioner initially sought habeas relief with this Court *prior to his conviction*, arguing

16  that state authorities had not brought him to trial in a timely manner, violating his rights to due

17  process and a speedy trial. *Cejas v. Blanas*, Dckt. Nos. 22 (findings and recommendations) & 28

18  (order adopting findings and recommendations). The instant petition attacks his actual

19  conviction, alleging error at trial. *Andrew A. Cejas v. James A. Yates*, No. CIV S-08-2494 MCE

20  EFB, Dckt. No. 1. As the two petitions do not attack the *same conviction* (the initial petition

21  challenged only petitioner's detention, not his actual conviction), the instant petition is not

22  second or successive. Indeed, *Vasquez* itself, in addressing a similar factual scenario, states:

23          Thus, if a prisoner filed a habeas petition seeking release based on the allegation
           that, having been arrested for a crime, he was held for a lengthy period without
24          trial in violation of the Constitution, AEDPA's successive petition rule would not
           restrict his ability to file a habeas petition challenging his eventual conviction and
25          sentence for the underlying crime. While both petitions would concern the same
           arrest and the same criminal charges, only the second petition described would be
26          an attack on the judgment of conviction. The claim of the first petition, in

1    contrast, would simply be that the prisoner was being held "in custody in
     violation of the Constitution or laws or treaties of the United States" without
2    being allowed to defend himself at trial and was therefore entitled to release
     pending trial.  *See 28 U.S.C. § 2241.*
3

4    *Id.*

5            Accordingly, it is hereby RECOMMENDED that:

6            1.  Respondent's April 28, 2009 motion to dismiss be DENIED;

7            2.  Respondent be directed to file and serve an answer to the application within 60 days

8    from the date of this order.  *See* Rule 4, Fed. R. Governing § 2254 Cases.  An answer shall be

9    accompanied by any and all transcripts or other documents relevant to the determination of the

10   issues presented in the application. *See* Rule 5, Fed. R. Governing § 2254 Cases;

11           3.  Petitioner be directed that his reply, if any, be filed and served within 30 days of

12   service of an answer; and,

13           4.  Petitioner's May 7, 2009 request for a certificate of appealability be DENIED as

14   unnecessary.

15           These findings and recommendations are submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after

17   being served with these findings and recommendations, any party may file written objections

18   with the court and serve a copy on all parties.  Such a document should be captioned "Objections

19   to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

20   specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

21   F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

22   Dated:  December 2, 2009.

23

24                                    EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE
25

26