1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANDREW A. CEJAS,

11              Petitioner,              No. CIV S-08-2494 MCE EFB P

12        vs.

13   JAMES A. YATES, Warden,

14              Respondent.             <u>ORDER</u>

15   _____/

16        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28

17   U.S.C. § 2254.  On October 7, 2009, he filed a "Motion for Discovery" (Dckt. No. 18) seeking

18   an order from this court allowing discovery of the telephone numbers and addresses of the jurors

19   who served in his trial.

20        A habeas petitioner "is not entitled to discovery as a matter of ordinary course."  *Bracy v.*

21   *Gramley*, 520 U.S. 899, 903 (1997).  Under Rule 6(a) of the Rules Governing § 2254 Cases, "A

22   judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of

23   Civil Procedure and may limit the extent of discovery."  Good cause exists "where specific

24   allegations before the court show reason to believe that the petitioner may, if the facts are fully

25   developed, be able to demonstrate that he is . . . entitled to relief[.]" *Bracy*, 520 U.S. at 908-09

26   (internal quotation marks omitted).  Discovery must be allowed where it is essential for the

1

factual development of the petitioner's claim. *Smith v. Mahoney*, 596 F.3d 1133, 1151-52 (9th Cir. 2010).

Petitioner has advanced a single claim in his habeas petition – that the trial court provided the jury with a flawed instruction regarding the use of evidence of petitioner's prior bad acts. Pet. at 18-26, 32, 37-41.[1]  The petition contains no claim of jury misconduct. However, in petitioner's motion for discovery, petitioner explains (somewhat cryptically and confusedly) that he requires jurors' contact information because

> brief deliberation after lengthy trial caused by jury instructions and jury misconduct; prosecutor witness and defense witness observed and heard during the conversation in the elevator with jurors talking about the trial and feelings of guilty verdict a week into the trial, which caused an unfair trial; prejudicial error in the jurors' confusion and conflicting jury instruction that allowed the jury to consider petitioner's prior bad acts in an unlimited fashion to determine petitioner['s] guilt cause[s] a need to question jurors and compile affidavits from jurors regarding acts of misconduct that led to the guilty verdict and jury instructions.  Outside influences on Jury [sic]

Dckt. No. 18 at 2.

Federal Rule of Evidence 606(b) governs the admissibility of juror affidavits, providing that:

> Upon inquiry into the validity of a verdict or indictment, a juror *may not* testify
>
> > [1] as to any matter or statement occurring during the course of the jury's deliberations[,] or
> >
> > [2] to the effect of anything upon [the deliberations] or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or concerning the juror's mental processes in connection therewith.
>
> But a juror *may* testify about
>
> > (1) whether extraneous prejudicial information was improperly brought to the jury's attention,

---

[1] The petition consists of the form petition with two different points and authorities filed in different state courts appended, and thus contains several discrete pagination sets.  The page numbers used herein have been obtained by consecutively numbering the petition by hand from the first page through the last.

> (2) whether any outside influence was improperly brought to bear upon any juror, or
>
> (3) whether there was a mistake in entering the verdict onto the verdict form.
>
> A juror's affidavit or evidence of any statement by the juror may not be received on a matter about which the juror would be precluded from testifying.

Fed. R. Evid. 606(b) (emphasis added); *see* Fed. R. Evid. 1101(e) (providing that the Federal Rules of Evidence apply in habeas proceedings brought under 28 U.S.C. § 2254).  On petitioner's claim that the instruction on prior bad acts violated his constitutional rights – the only claim alleged in the petition – petitioner seeks the juror affidavits to show the effect of the allegedly erroneous instruction on the jurors. Rule 606(b) prohibits use of juror affidavits for that purpose.  Accordingly, petitioner has not shown good cause for the discovery sought with regard to the single claim alleged in the petition.

Juror affidavits may be admissible, however, on a claim of juror misconduct.  Petitioner's motion for discovery contains vague allegations that some form of juror misconduct occurred when jurors were overheard making statements showing that they had decided his guilt prior to deliberations.  Because the petition itself contains no such claim, however, the court will deny leave to conduct discovery into the jurors' contact information at this time, without prejudice.  If petitioner wishes to raise a claim of juror misconduct, he must seek leave to file an amended petition including such a claim in accordance with Federal Rule of Civil Procedure 15(a). Petitioner may renew his request for permission to conduct discovery into the jurors' contact information if and when the court grants him leave to file an amended petition and such amended petition is actually filed.

////
////
////
////

1        Accordingly, it is hereby ordered that petitioner's October 7, 2009 "Motion for

2   Discovery" is denied without prejudice.

3   DATED:  August 11, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE