IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW A. CEJAS,

    Petitioner,               No. 2:08-cv-2494 KJM EFB P

    vs.

JAMES A. YATES, et al.,

    Respondents.          FINDINGS AND RECOMMENDATIONS

                            /

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is respondent's motion to dismiss the claims in the amended petition, with the exception of the single claim asserted in the original petition, upon the ground that they are untimely. For the reasons explained below, the court recommends respondent's motion be granted.

**I.    Procedural History**

       Petitioner was convicted of first degree murder. Dckt. No. 34, Lodg. Doc. 3 at 2. The trial court found that petitioner had two prior serious felony convictions within the meaning of California's Three Strikes Law and sentenced him to seventy-five years to life. *Id*. Petitioner appealed and the California Court of Appeal, Third Appellate District, affirmed the conviction.

////

1

Dckt. No. 34, Lodg. Doc. 3. The California Supreme Court denied his request for review on March 19, 2008. Dckt. No. 34, Lodg. Docs. 5-6.

On August 1, 2009, petitioner filed a state habeas petition in the Sacramento Superior Court alleging that the imposed sentence violated the terms of a plea agreement from a prior case. Dckt. No. 75, Lodg. Doc. 1. That petition was denied on September 22, 2009. *Id*. Petitioner then filed a habeas petition in the California Court of Appeal, Third Appellate District, which was denied on October 29, 2009. Dckt. No. 75, Lodg. Doc. 2. On November 10, 2009, petitioner filed a third state petition in the California Supreme Court. That petition was denied on March 30, 2010. Dckt. No. 75, Lodg. Doc. 3.

Petitioner initially filed a petition for writ of habeas corpus in this matter on October 14, 2008.[1] Dckt. No. 1. In the initial federal petition, petitioner alleged a single claim–that an instructional error allowed the jury to impermissibly consider his prior bad acts in reaching a verdict. *Id*. Then, on April 26, 2010, while the initial federal petition was still pending, petitioner filed a second petition in this court, challenging a different aspects of the same trial–that the trial court breached an earlier plea agreement by sentencing petitioner under California's Three Strikes Law. Dckt. No. 42, *see also* Case No. 2:10-cv-0995 MCE EFB P, Dckt. No. 1. In both cases, petitioner sought leave to amend his petition to add additional claims. Given that the two petitions challenged the same conviction and involved common questions of fact and law, the undersigned consolidated the two cases and granted petitioner leave to file an amended petition containing the claims raised in his initial federal petition, the petition filed in Case No. 2:10-cv-0995 MCE EFB P, and those identified in petitioner's motion for leave to amend. *See* Dckt. No. 57 at 3. Plaintiff filed a first amended petition on March 17,

---

[1] Unless stated otherwise, the court deems the filing date for each of petitioner's habeas petitions to be the date reflected on the certificate of service for the respective petitions. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court).

2

2011. Dckt. No. 65. Pending before the court is respondent's motion to dismiss the newly asserted claims contained in the amended petition on the ground that they are untimely. Dckt. No. 74.

**II       Statute of Limitations**

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not provide a basis for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-*

1  *Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

2  Petitioner has the burden of showing facts entitling him to statutory and equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**III.  Analysis**

In this case, the statute of limitations began to run when petitioner's conviction became final on direct review. *See* 28 U.S.C. § 2244(d)(1)(A). The California Supreme Court denied review on March 19, 2008. Lodg. Doc. 12. The conviction became "final" within the meaning of section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety days later, on June 18, 2008. Supreme Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The one-year limitations period commenced running the following day. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until June 18, 2009 to file his federal habeas petition.

Petitioner's initial federal petition was filed on October 14, 2008, which was within the one year limitation period. Thus, the single claim asserted in that petition is not barred by the statute of limitations. However, the petition filed in Case No. 2:10-cv-0995 MCE EFB P was not filed until April 21, 2010, and the amended petition was not filed in this court until March 17, 2011.[2] Respondent contends that the new claims contained in the amended petition, including those claims asserted in the petition filed in Case No. 2:10-cv-0995 MCE EFB P, are barred by the statute of limitations. Specifically, respondent argues that petitioner is not entitled to tolling and that the new claims do not relate back to the original petition.

////
////
////

---

[2] The amended petition does not contain a date of service. *See* Dckt. No. 63 at 6. As such, the filing date is the date on which the petition was received by the court.

### A.    Tolling

Petitioner is not entitled to statutory tolling because he did not file his state petitions prior to the expiration of the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Petitioner contends, however, that his new claims are not barred by the statute of limitations because he is entitled to equitable tolling. A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, __ U.S.__, 130 S.Ct. 2549, 2562 (2010). It is petitioner's burden to present facts showing that he is entitled to equitable tolling. *Miranda*, 292 F.3d at 1065.

Petitioner has made no showing that he is entitled to equitable tolling. He simply cites to cases discussing equitable tolling and concludes that equitable tolling is applicable in his case. Dckt. No. 76 at 2-3. He does not attempt to show that he acted diligently but that some external circumstance prevented him from timely filing. Thus, petitioner has failed to satisfy his burden. As there is no basis for tolling of the limitations period, petitioner's claims in the amended petition are barred unless they relate back to the single claim timely asserted in his original federal petition.

### B.    Relation Back

Amendments made after the statute of limitations has run can relate back to the date of the original pleading where the amendments arise out of the same "conduct, transaction or occurrence." Fed. R. Civ. P. 15(c)(1)(B). However, in a habeas action, a new claim does not "relate back" to the filing of an exhausted petition simply because it arises from "the same trial, conviction, or sentence." *Mayle v. Felix*, 545 U.S. 644, 662–64 (2005). Rather, a petitioner may amend a new claim into a pending federal habeas petition after the expiration of the limitations period, but only if the new claim shares a "common core of operative facts" with the claims in

5

the pending petition and is the same in both "time and type" from those set forth in the original pleading. *Id.* at 659.

Here, the additional claims in the amended petition do not relate back to the single claim contained in his timely filed habeas petition. The claim contained in the original petition challenged a jury instruction that allegedly permitted the jury to consider defendant's prior bad acts in determining his guilt. Dckt. No. 1. In addition to that claim, the amended petition contains the following claims: (1) the present conviction violates the terms of a plea agreement from a prior case and his trial counsel was ineffective for not seeking enforcement of the terms of the plea agreement; (2) his right to a fair trial was violated because of jury misconduct; (3) the government destroyed exculpatory evidence; (4) his right to be free from illegal searches and seizures was violated (including subclaims that a search of his home was without a warrant, not in good faith, and without valid consent); (5) he was unconstitutionally denied funds for an expert witness; and (6) he was improperly shackled in view of the jury. Dckt. No. 63.

The additional claims asserted in the amended petition are unrelated to petitioner's claim that the trial court erred in giving a jury instruction that permitted the jury to consider evidence of his prior bad acts in determining guilt. The new claims are based on independent facts and are not of the same time and type as the claim in the timely petition; they are not based on "the same core facts" as petitioner's claim that the trial court committed instructional error. *See Mayle*, 545 U.S. at 657-59. Since petitioner's new claims are not timely and do not relate back to the timely filed petition, those claims must be dismissed.[3] Thus, the only claim remaining in the amended petition is petitioner's instructional error claim. As respondent has already filed an answer to this claim, Dckt. No. 28, and petitioner has filed a traverse, Dckt. No. 36, the matter should stand

---

[3] In addition to his equitable tolling and relation back arguments, petitioner contends that the new claims should not be dismissed because he "can ask for a stay and abeyance procedure until federal claims are exhausted." Dckt. No. 80 at 3. This argument has no relevance to the present motion because respondent moves to dismiss the amended petition on the ground that it is untimely, not on the ground that it contains unexhausted claims. Furthermore, it appears that petitioner may have exhausted all the claims asserted in the amended petition. *See* Dckt. No. 76.

submitted for decision.

**IV.  Conclusion**

The court finds that the new claims asserted in the amended petition are untimely. Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss be granted;

2. All claims in the amended petition, with the exception of petitioner's instructional error claim, be dismissed; and

3. The matter stand submitted for decision on petitioner's instructional error claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  June 28, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE