IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW A. CEJAS,

      Petitioner,                       No. CIV. S-08-2494 KJM EFB P

   vs.

JAMES A. YATES, et al.,

      Respondents.                <u>ORDER</u>

/

        Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On June 28, 2012, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Petitioner has filed objections to the findings and recommendations and a request for a certificate of appealability. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.

/////

In his objections, plaintiff argues the AEDPA statute of limitations did not begin to run until some unspecified date when he discovered constitutional violations during research at the law library. He also suggests he is entitled to equitable tolling because of limitations on his access to the law library time and to supplies for pursuing his legal remedies. Although the court need not consider arguments raised for the first time in objections, it exercises its discretion to consider petitioner's arguments here. *Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) (district court may abuse its discretion in refusing to consider new material in pro se litigant's objections); *but see United States v. Song Ja Cha*, 597 F.3d 995, 1003 n.7 (11th Cir. 2010) ("a district judge has discretion to consider new evidence or legal arguments made only in objections to the magistrate judge's report"). Petitioner's new arguments in this case do not change the ultimate result. He is not entitled to a different triggering date for the statute of limitations because "[t]ime begins when the prisoner knows (or through diligence could discover) the important fact, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (internal citation & quotation marks omitted). Moreover, "[o]rdinary prison limitations on [an inmate's] access to the law library . . . were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner." *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009).

Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 28, 2012, are adopted in full;

2. Respondent's motion to dismiss is granted;

3. All claims in the amended petition, with the exception of petitioner's instructional error claim, are dismissed;

4. The matter stands submitted for decision on petitioner's instructional error claim; and

5. Petitioner's request for a certificate of appealability is denied as premature. Rule 11, Rules Governing Section 2254 Cases ("The district court must issue or deny a certificate of appealability when it enters a <u>final</u> order adverse to the applicant.") (emphasis added).

DATED: September 26, 2012.

_____
UNITED STATES DISTRICT JUDGE